UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

JENNIFER A. GOSAR, HOWARD GALE, ELIZABETH MUELLER GRAHAM, NICHOLAS PEDA, NIKITA MINKIN, JESSIE YADLOWSKY

Defendants.

CASE NOS. 19-306; 19-307; 19-308; 19-313; 19-315; 19-320

**ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENSES**

The United States of America (government) moves *in limine* to exclude "all evidence, comment, and argument" regarding defenses based upon necessity, international law or its principles, the First Amendment right to assemble and petition, or the Religious Freedom and Restoration Act (RFRA). Dkt. 31. Defendants oppose the motion and contend the Court should deny the government's motion and permit them to raise defenses on necessity and RFRA. Dkt. 44.

The Court may determine the admissibility of defenses by motions *in limine*. *See United States v. Dorrell,* 758 F.2d 427, 430 (9th Cir. 1985). The sole question the Court must address is whether Defendants' offer of proof is insufficient as a matter of law. *Id.* "If it is, then the trial

court should exclude the defense and the evidence offered in support." *Id.*

**A.    Necessity Defense**

"To invoke the necessity defense, Defendants must show (1) they were faced with a choice of evils and chose the lesser evil; (2) they acted to prevent imminent harm; (3) they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted; and (4) they had no legal alternatives to violating the law." *United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1985). The necessity defense does not arise from a "choice" of several courses of action; it requires a real emergency. *Dorrell*, 758 F.2d at 431. Thus if "there was a reasonable, legal alternative to violating the law, the defense fails." *Id.* Further as the Court in *Schoon* observed the "exercise of a moral judgment based upon individual standards does not carry with it legal justification or immunity from punishment for breach of the law." *Id.* at 197.

Defendants' claim they have met their threshold burden fails. They claim it was necessary for them to commit the acts for which they are charged because immigrants fleeing persecution are being unnecessarily detained in dehumanizing and abusive detention centers. Defendants contend they therefore sought to meet with Senator Cantwell to make her agree to their demands regarding immigration and detention. The Senator did not respond to Defendants' demands. However, necessity is not a defense to taking actions against a politician who is unresponsive or who disagrees with a constituent's demands.

When Defendants could not meet or speak with Senator Cantwell at her office in the Federal Jackson Building on August 6, 2019, they decided to sit in her lobby even though federal law enforcement instructed them to leave because the federal building was closed.

Defendants argue their refusal to leave is an evil that is lesser than the evil of the United States' immigration detention system and that the detention system far surpasses any evil caused

by Defendants' presence in Senator Cantwell's office after closing hours or failure to respond to the lawful directives of federal law enforcement officers at the Jackson Federal Building. Dkt. 44 at 5. The argument is nonsensical. Necessity is applicable, for example, where one breaks the speed limit and drives 100 miles per hour to the emergency room in order to prevent a passenger who is bleeding profusely from dying. In this situation the decision to break the speed limit is an evil that is lesser than the decision to allow the passenger to bleed to death. In contrast, Defendants admit they refused law enforcement orders to leave a closed federal building. But their refusal did not and would not avert the harm of which Defendants complain.

Defendants argue they reasonably anticipated a direct causal relationship between their conduct and the harm to be averted because other elected officials have "taken steps to avert harm to immigrants." Dkt. 44 at 6. This argument is also nonsensical. If the actions of other elected officials established a direct causal relationship between Defendants' conduct and the harm to be averted, the harm Defendants complain of would have already been resolved. The argument only established that the actions other elected officials have taken have not averted the harm of which Defendants complain. Additionally, Senator Cantwell did not respond to Defendants' requests prior to the date Defendants were arrested. There is thus no basis to conclude the actions of other elected officials establishes Senator Cantwell would engage in the actions Defendants demanded.

Defendants further argue they had no legal alternatives to disregarding federal law enforcement's lawful directive to leave a closed federal building or be cited. The Court noted earlier, Senator Cantwell's office offered to have a staff member discuss the matter; offered to have someone from the senator's office call the Defendants, and offered to schedule a meeting. The Defendants refused to accept these alternatives. As the Court in *Dorrell* noted there are

many other opportunities to present a message including using the national electoral process, speech on public streets, contacting the press, and now using social media. *Dorrell*, 758 F.2d at 432. Defendants declined to utilize these alternatives. Defendants' claim Senator Cantwell's declination to meet with them and effect the changes Defendants asked of her establish they had no alternatives. As discussed above, Defendants had many alternatives, but simply failed to utilize them. Because there is no basis for the necessity defense the government's motion *in limine* is granted and the Court precludes the necessity defense.

**B.     RFRA**

The CFR requiring Defendants abide by federal law enforcements' directive to leave a closed Federal Building does not impermissible burden Defendants' sincerely held religious beliefs under RFRA. The government has a compelling interest in being able to enforce the closing hours of a federal building and having members of the public abide by law enforcement requests to leave a closed federal building. Defendants were given a chance to leave and avoid citation but declined to do so. Defendants argue the RFRA nonetheless shields them from prosecution because "requiring the defendants to leave Senator Cantwell's office before she accede to any of the defendants' requests substantially curtailed their ability to achieve their goals." Dkt. 44 at 11. Defendants aren't entitled to force the Senator to do what they want; their attempt to force the Senator to accede to their requests is thus not shielded by the RFRA.

Further, Defendants' refusal to follow law enforcement requests to leave the closed federal building is untethered to their attempt to force Senator Cantwell to accede to their requests. Defendants' action thus are not comparable to the "Warren case" in which the defendant was prosecuted for leaving provisions and water in the desert to prevent immigrants from dying. The Court accordingly grants the government's motion *in limine* regarding this

defense.

C. **FIRST AMENDMENT AND INTERNATIONAL LAW**

Defendants state they "do not raise a separate international law and First Amendment Defense" but go to say they do not interpret the Government's motion to preclude these defenses. *Id.* at 12. The Court rejects Defendants' position. The record plainly establishes the government moved *in lime* to exclude defenses based upon international law and the First Amendments. As Defendants aver they will not raise international law or First Amendment defenses the Court grants the government's motion *in limine* and precludes these defenses.

For the reasons above the Court **GRANTS** the government's motion *in lime*, Dkt. 31, and **ORDERS**: All evidence, comment, and argument regarding defenses of necessity, the First Amendment, the RFRA and international law is precluded. Defendants are barred from calling as witnesses Carly Pena, Che Warren, Kelli Truhn, Thomas Bauer, Professor Angelina Snodgrass Godoy, Scott Allen, M.D. and Alice Woldt. Defendants are barred from presenting exhibits regarding the defenses covered in this order.

DATED this 29th day of January, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge